DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Anthony Ellis appeals from the order of the Summit County Court of Common Pleas classifying him a sexual predator. We affirm.
On March 28, 1996, the Summit County grand jury indicted Ellis on six counts of rape, pursuant to R.C. 2907.02(A)(1)(c), and six counts of gross sexual imposition, pursuant to R.C.2907.05(A)(5). Ellis pleaded not guilty to all of the charges. On August 16, 1996, Ellis withdrew his original plea and pleaded guilty to one count of sexual battery, with a physical harm specification. The trial court then sentenced Ellis accordingly. After a hearing on June 13, 1997, the trial court found Ellis to be a sexual predator pursuant to R.C. 2950.09. Ellis herein appeals the sexual predator classification.
Ellis' sole assignment of error challenges the constitutionality of R.C. 2950.09. Ellis claims "his adjudication under 2950.09(C) [sic.] * * * constitutes a violation of the prohibition against ex post facto laws * * * and said Order violates Ohio Constitution Section 28." The assignment of error lacks merit.
This court has previously held that R.C. 2950.09, the sexual predator law, does not violate Section 28 of the Ohio Constitution. See State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported at 5; State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported. As such, we overrule Ellis' assignment of error. The order of the Summit County Court of Common Pleas classifying Ellis a sexual predator is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
SLABY, P. J.
DICKINSON, J.
CONCUR.